AO 245B     (Rev. 09/08) Judgment in a Criminal Case
               Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| **David Alcantara** | ) | Case Number: **1:14CR00021-01M** |
| | ) | USM Number: **78049-053** |
| | ) | **Christopher Millea, Esq. & Molly Kapstein Cote, Esq.** |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)     I, II, III, IV, VI, VII, VIII, IX, X and XI of the superseding Indictment.
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | January 27, 2010 | I |
| 18 U.S.C. § 1028(A) and 2 | Aggravated Identity Theft | January 22, 2010 | II, III, IV, VI, VII, |
| 18 U.S.C. § 1028(A) and 2 | Aggravated Identity Theft | January 22, 2010 | VIII, IX, X |

      The defendant is sentenced as provided in pages 2 through    **7**    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    V        ☑ is    ☐ are   dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 3, 2015
Date of Imposition of Judgment

_Signature of Judge_

John J. McConnell, Jr.
US District Judge
Name and Title of Judge

9/9/15
Date

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: **David Alcantara**
CASE NUMBER: **1:14CR00021-01M**

Judgment—Page __2__ of __7__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Pass Counterfeit Obligations | March 1, 2010 | XI |

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: **David Alcantara**
CASE NUMBER: **1:14CR00021-01M**

Judgment—Page __2__ of __7__

AO 245B    (Rev. 09/08) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page __3__ of __7__

DEFENDANT: **David Alcantara**
CASE NUMBER: **1:14CR00021-01M**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**60 months: 36 months as to Counts I and XI, to be served concurrently; 24 months as to counts II, III, IV, VI, VII, VIII, IX and X to be served concurrently to each other and consecutive to counts I and XI.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: **David Alcantara**
CASE NUMBER: **1:14CR00021-01M**

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**3 years as to counts I and XI; 1 year as to II, III, IV, VI, VII, VIII, IX and X, all to run concurrently with each other.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

### FOR OFFICIAL USE ONLY - US PROBATION OFFICE

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

_____          _____
Defendant                                                              Date

_____          _____
US Probation Officer/Designated Witness                         Date

DEFENDANT: **David Alcantara**
CASE NUMBER: **1:14CR00021-01M**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 1,000.00 | $ 0.00 | $ 75,822.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| RBS Citizens NA<br>Attn: Janet Viano-Vessella, Fruad Investigator<br>1 Citizens Drive<br>Riverside, RI 02915 | $75,822.00 | $75,822.00 | |
| **TOTALS** | $ 75,822.00 | $ 75,822.00 | |

☐ If applicable, Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **David Alcantara**  
CASE NUMBER: **1:14CR00021-01M**

Judgment — Page 6 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __76,822.00__ due immediately,

    ☐ not later than _____ , or  
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    **\*\*The joint and several liability amounts for all co-defendants listed on the next page are effective upon entry of judgment in their individual cases. Those amounts may be changed by the Court. The final judgment for each co-defendant reflects the amount of that co-defendant's liability.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: David Alcantara
CASE NUMBER: 1:14CR00021-01M

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| David Alcantara  CR14-00021-01M | $75,822.00 | $75,822.00 | |
| Yoryis Luciano  CR11-00138-01M | $75,822.00 | $75,822.00 | |
| Todd Quinter  CR11-00138-02M | $75,822.00 | $75,822.00 | |
| Zizi Stevens  CR11-00138-03M | $75,822.00 | $75,822.00 | |